CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 2 4 2009

JOHN F. CORCORAN, CLERK
BY: H McDonado
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ANTINNE ANDERSON,** | ) | · **Civil Action No. 7:09-cv-00234** |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **RICARDO MARTINEZ, et al.,** | ) | **By:  Hon. Jackson L. Kiser** |
| **Respondents.** | ) | **Senior United States District Judge** |

Antinne Anderson, a Virginia inmate proceeding pro se, filed a petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction.

Petitioner alleges he received ineffective assistance of counsel.  Respondents filed a motion to

dismiss, and petitioner filed a response, making this matter ripe for disposition.  After reviewing

the record, I grant the respondents' motion to dismiss and dismiss the petition.

I.

On July 22, 2005, the Albemarle County Circuit Court sentenced petitioner to thirteen

years incarceration for two counts of assault and battery of a corrections officer, abduction of a

correctional officer, and attempted escape of a correctional facility as a principal in the second

degree.  Petitioner appealed his conviction to the Court of Appeals of Virginia, which affirmed

the conviction on December 12, 2006.  The Supreme Court of Virginia refused petitioner's

subsequent petition for appeal on June 13, 2007, and denied his request for a rehearing on

September 24, 2007.  Petitioner did not seek review in the Supreme Court of the Untied States

and did not file a state habeas petition.

Petitioner filed a petition for a writ of habeas corpus in the United States District Court

for the Middle District of Pennsylvania no earlier than June 10, 2009, the date he signed his

petition under penalty of perjury.[1] (Pet. 11.) The District Court for the Middle District of

Pennsylvania construed the petition as challenging convictions from the Albemarle County

Circuit Court in Virginia and transferred the case to this district because the Albemarle Circuit

Court is located in this district.

Petitioner presently alleges that his counsel provided constitutionally ineffective

assistance by preserving claims of incorrect identification and a coached witness. Petitioner also

faults counsel for misstating petitioner's name during closing and for not arguing that petitioner

was already in an upper bunk by the time a witness bunked in another block.

## II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The

limitation period for filing a § 2254 petition concerning a specific state court judgment begins to

run from the latest of four possible dates: (A) the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review; (B) the date on

which the impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing

by such State action; (C) the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or (D) the date on which the

factual predicate of the claim or claims presented could have been discovered through the

---

[1] At all times relevant to this habeas petition, petitioner has been incarcerated at the United States Penitentiary in Allenwood, Pennsylvania.

exercise of due diligence. Id. § 2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, a federal court must dismiss an untimely petition. 28 U.S.C. § 2244(d)(1).

Petitioner's statute of limitations began running on the date the challenged conviction became final. Id. A conviction becomes final once the availability of appeal is exhausted, the time for filing a petition for writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal. See United States v. Clay, 537 U.S. 522 (2003). However, the clock is tolled during the pendency of a properly filed state post-conviction proceeding. 28 U.S.C. § 2244(d)(2).

Petitioner did not seek direct review in the Supreme Court of the United States or in state court for post-conviction review. Therefore, petitioner's conviction became final in December 2007, ninety days after the Supreme Court of Virginia refused to hear a direct appeal.[2] See Sup. Ct. R. 13(1). Therefore, the time for petitioner to file his § 2254 petition expired a year later in December 2008. Petitioner filed the instant petition no earlier than June 10, 2009, when he executed his § 2254 petition, which is well beyond the one year period.[3]

---

[2]Petitioner does not allege facts or offer any argument suggesting that his federal filing period should be calculated under Subsections (B), (C), or (D) of § 2244(d)(1). Therefore, the court must calculate the statutory period under § 2244(d)(1)(A) and § 2244(d)(2). Furthermore, judicial resources would be wasted by dismissing for failing to exhaust state remedies and authorizing the refiling of an untimely petition.

[3]For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that petitioner signed his petition on June 10, 2009. (Pet. 9.) Accordingly, I will assume for purposes of this opinion that he also "filed" it on that date by delivering it to prison authorities for mailing.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris. 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. R.C. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Petitioner argues that he should be excused from the statute of limitations because he previously filed other habeas petitions with other courts. Petitioner sent a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, to the United States District Court for the Eastern District of Virginia on March 2, 2009, to challenge his state conviction. A staff attorney responded with a letter advising petitioner that a § 2255 motion challenges a federal conviction, not a state conviction. The letter also stated, "If you are seeking to challenge your conviction because you believe it to be in violation of the Constitution, the forms for filing a petition for a person in federal custody pursuant to 28 U.S.C. § 2241 are enclosed." (Pet.'s Resp. (docket #21) 3.)

Petitioner argues that this statement constituted an order by the district court, "ordering the Motion be submitted as [a] § 2241 [petition]. . . ."[4] (Id. 1.) Petitioner's argument that the letter ordered him to resubmit a § 2241 is incorrect. The letter is clearly not a court order and is worded with the conditional phrase "if you are seeking." Petitioner's lack of expertise of the

_____

[4]Petitioner subsequently filed a § 2241 petition with the United States District Court for the Eastern District of Virginia, which dismissed the petition for lack of jurisdiction because neither the Albemarle County Circuit Court nor the petitioner's place of incarceration was located within that district.

4

various types of habeas relief or their statutory filing deadlines and his general unfamiliarity with legal systems also do not support granting equitable tolling. Harris, 209 F.3d at 330. The alleged merits of petitioner's claims also do not provide a ground for equitable tolling because the nature of his claims does not determine whether external circumstances prevented him from timely filing his claims. Therefore, petitioner may not receive equitable tolling, and I must dismiss the petition as untimely filed, pursuant to 28 U.S.C. § 2244(d).[5]

### III.

For the foregoing reasons, I grant the respondents' motion to dismiss and dismiss petitioner's petition for a writ of habeas corpus as untimely. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondents.

**ENTER**: This 24ᵗʰ day of November, 2009.

Senior United States District Judge

---

[5]Even if I considered the petition filed as of March 2009 as petitioner requests, the petition would still be untimely because the statute of limitations expired in December 2008.